**In re Robert Leon MAYBERRY.**

**Herschel A. GENTRY, Trustee, Plaintiff,**

v.

**MONTGOMERY WARD & CO., INC., Defendant.**

**Bankruptcy No. B79–1712–M.**

United States Bankruptcy Court, W. D. Louisiana.

Oct. 27, 1981.

Louis D. Smith, Hayes, Harkey, Smith & Cascio, Monroe, La., for Montgomery Ward.

Chet Harrod, Blackwell, Chambliss, Hobbs & Henry, West Monroe, La., for Herschel Gentry, Jr., trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

LeROY SMALLENBERGER, Bankruptcy Judge.

The Trustee in Bankruptcy filed a complaint seeking to nullify the defendant's judicial lien under Section 67(a)(1) of the Bankruptcy Act. The following dates and events are pertinent to the issues herein:

August 2, 1979—A judgment was recorded by Montgomery Ward & Co., Inc. against Robert Leon Mayberry in Morehouse Parish

September 20, 1979—Mayberry filed a Chapter XII petition

October 1, 1979—The Bankruptcy Code became effective

November 9, 1979—A Motion and Order was signed adjudicating Mayberry a Bankrupt and converting from a Chapter XII

The trustee alleges that because the judgment was recorded within four months of the filing of the petition, that it may be avoided under Section 67(a)(1). The defendant argues that because of the conversion on November 9, 1979, a new case was commenced which would fall under the Bankruptcy Code and Section 547(b). Under Section 547(b) a lien may be avoided if it was recorded within 90 days of the petition, and because there are more than 90 days between August 2, and November 9, the judgment may not be avoided.

The defendant's position is untenable under the Savings Provision of the Bankruptcy Reform Act. Act Nov. 6, 1978, P.L.

95–598, Title IV, Section 403, 92 Stat. 2683, provided:

"(a) A case commenced under the Bankruptcy Act (former 11 USCS Sections 1 et seq.), and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."

Thus it is irrelevant that Chapter XII was not continued under the Bankruptcy Code as was alleged in the defendant's brief, and it is likewise irrelevant that the case was converted to a straight bankruptcy, as the Savings Provision states that the case shall continue as if the Reform Act had not been enacted. Thus the case is governed by the Bankruptcy Act and Section 67(a)(1). Since all of the other facts required under Section 67(a)(1) were stipulated to in open court, the judicial mortgage is hereby declared null and void.